DA 10-0376

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 31N

CHRIS KORTLANDER,

      Plaintiff and Appellee,

  v.

ROBERT WILLIAM NIGHTENGALE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and For the County of Big Horn, Cause No. DV 03-04
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jeffrey G. Michael, Attorney at Law, Billings, Montana

      For Appellee:

          James L. Vogel, Attorney at Law, Hardin, Montana

Submitted on Briefs:  January 26, 2011

Decided:  February 23, 2011

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Chris Kortlander and Robert Nightengale have been battling one another in the courts since 2002 stemming from alleged acts of harassment by Nightengale. The present appeal was filed by Nightengale challenging several rulings issued by the Twenty-Second Judicial District Court. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 In December 2002, the Justice Court in Big Horn County issued a protective order against Robert Nightengale mandating, among other things, that he stop harassing Kortlander. In January 2003, Nightengale appealed the protective order to the Twenty-Second Judicial District Court in Big Horn County. In March 2003, after a hearing, the District Court restrained Nightengale from harassing, threatening, defaming and contacting Kortlander by any means and ordered him to stay away from Kortlander's property. In September 2004, Kortlander moved to have Nightengale held in contempt of this order. A hearing was commenced in November 2004 but was continued by the District Court without an immediate ruling on the merits raised in the motion.

¶4 The continued hearing had not yet occurred when, in September 2007, Kortlander moved again for an order holding Nightengale in contempt based on certain conduct by Nightengale between 2005 and September 2007. The court held a hearing on December

2

4, 2007, at the conclusion of which it held Nightengale in civil contempt for violating the 2003 temporary restraining order (TRO) by continued harassment, defamation, and threatening conduct. The court ordered Nightengale to pay a $350 fine as well as Kortlander's attorney fees and costs associated with this contempt proceeding. The District Court also made the TRO a permanent restraining order. The court memorialized its bench ruling in its July 8, 2008 Findings of Fact, Conclusions of Law and Order.

¶5 The parties continued to submit numerous motions setting forth various arguments and allegations until August 4, 2009, when Kortlander moved once again to have Nightengale held in civil and criminal contempt. While this motion was pending, Nightengale moved to have the restraining order amended alleging that the "anti-defamation" condition was overly broad and, therefore, unconstitutional. The District Court met with the parties and their attorneys on October 6, 2009, at which time the parties stipulated that the court could consider and determine the pending motions on the parties' briefs without additional hearing.

¶6 The District Court addressed both motions in its January 5, 2010 Memorandum and Order. It agreed that the "anti-defamation" condition was unconstitutional and struck it from the restraining order. It denied Kortlander's request to hold Nightengale in criminal and civil contempt based on specific acts of conduct by Nightengale of which Kortlander complained. It did hold Nightengale in civil contempt for failing to pay the $350 fine ordered in the court's July 8, 2008 order. The District Court increased the fine from $350 to $500 and ordered Nightengale to pay Kortlander's attorney fees and costs for both 2007 and 2009 contempt proceedings.

3

¶7  Nightengale paid the $500 fine in February 2010, expressly stating that the court "appropriately sanctioned" him for failing to pay the $350 fine ordered in July 2008. However, he also moved to amend the court's ruling, alleging that he should not have to pay Kortlander's attorney fees for either contempt hearing. In March 2010, the District Court amended its order and ruled that Nightengale need not pay Kortlander's attorney fees and costs for the 2007 contempt hearing but had to pay the fees and costs for the 2009 contempt proceeding. Kortlander's attorney subsequently submitted a statement for $9,835. A hearing on the fees was held in May 2010 and Nightengale was ordered to pay. Nightengale appeals.

## ISSUES

¶8  A restatement of Nightengale's issues on appeal is:

¶9  Did the District Court abuse its discretion when it held Nightengale in contempt of the court's July 8, 2008 order?

¶10  Did the District Court violate Nightengale's due process rights by finding him in criminal contempt and ordering him to pay Kortlander's attorney fees?

¶11  Did the District Court abuse its discretion in awarding attorney fees to Kortlander and in setting those fees at $9,835?

## DISCUSSION

¶12  The District Court record in this case is extensive and our careful review of it convinces us that Nightengale's arguments on appeal are without merit. It is undisputed that Nightengale did not pay the fine ordered by the District Court in the December 4, 2007 hearing and set forth in its subsequent order dated July 8, 2008. The District Court therefore had grounds for finding Nightengale in civil contempt, notwithstanding its

4

subsequent rescission of part of its order, as reflected in ¶ 6. Moreover, Nightengale expressly acquiesced to the court's imposition of the $500 civil contempt sanction for his failure to pay the fine in a timely manner.

¶13 Nightengale claims the District Court's ruling that he pay Kortlander's attorney fees and costs associated with the 2009 contempt proceeding constitutes a criminal contempt sanction that violated his right to due process. The record contains nothing to support this assertion. The District Court did not characterize its ruling as a finding of criminal contempt. Given the voluminous record before us, the court's decision to obligate Nightengale to pay these fees and costs was well within the court's discretion pursuant to its equitable powers, and finds support in our decision in *El Dorado Heights Homeowners' Ass'n v. Dewitt,* 2008 MT 199, ¶¶ 26-30, 344 Mont. 77, 186 P.3d 1249.

¶14 Lastly, the District Court conducted a hearing on the amount of attorney fees and costs and allowed the parties to fully present their arguments. In fact, Nightengale's attorney questioned Kortlander's attorney on the stand. The court noted that Nightengale failed to present any convincing evidence that the fees and costs were unreasonable. We agree.

¶15 The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted. Moreover, the District Court did not abuse its discretion in holding Nightengale in contempt and awarding and determining attorney fees. Because the record in this case fully supports the orders entered by the District Court, we will not disturb those decisions.

¶16    We affirm the judgment of the District Court.


/S/ PATRICIA COTTER


We concur:


/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS